## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **Case No. 24-CR-307 (LLA)** |
| | : | |
| **MICHAEL STUCKEY,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION FOR DEFEENDANT MICHAEL STUCKEY

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that defendant Michael Stuckey be detained pending trial pursuant to 18 U.S.C. §§ 3142(f)(1)(B) (maximum sentence of life imprisonment), 3142(f)(1)(C) (Controlled Substances Act offense punishable by 10 years or more of imprisonment), 3142(f)(1)(D) (recidivist with at least two qualifying convictions), and 3142(f)(1)(E) (felony involving possession of a firearm). The Government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pretrial detention.

### I.    Introduction and Procedural History

Defendant Michael Stuckey is charged by a four-count indictment with committing the following drug and firearms offenses on May 15, 2024: (1) 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), Possession with Intent to Distribute Cocaine Base; (2) 18 U.S.C. §§ 922(g)(1), 924(e)(1), Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year; (3) 18 U.S.C. §§ 922(g)(8), 924(e)(1), Unlawful

Possession of a Firearm and Ammunition While Subject to a Court Order; and (4) 18 U.S.C. §§ 924(c)(1)(A)(i), Possession of a Firearm in Furtherance of a Drug Trafficking Offense.

On July 1, 2024, Mr. Stuckey was arrested after appearing for another case in D.C. Superior Court. Shortly thereafter, a search warrant was executed at his residence, where an additional firearm, multiple suspected machinegun conversion devices, ammunition, narcotics, and distribution supplies were found. An Initial Appearance was held on July 2, 2024, at which a Detention Hearing was scheduled for July 3, 2024.

## II.    Legal Authority and Argument

Mr. Stuckey's own conduct, history, and characteristics demonstrate that his conditional release would pose a danger to the community and a risk of flight and non-compliance with release conditions. Mr. Stuckey is prohibited from possessing firearms and ammunition under federal law due to multiple prior felony convictions in previous federal and state cases. Indeed, Mr. Stuckey was most recently convicted in this federal Court for violations of 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(D) and 18 U.S.C. § 922(g)(1)—virtually the same offenses as charged in this case—for which he was sentenced to 46 months of imprisonment and 48 months of supervised release in January 2017. *See United States v. Michael Stuckey*, Case No. 16-CR-083 (RBW). Notwithstanding his prior criminal history and sentences imposed, Mr. Stuckey illegally armed himself with multiple dangerous firearms, in connection with distributing cocaine base, all while on pretrial release in a pending assault and threats case in D.C. Superior Court.

The charged offenses carry significant potential penalties for Mr. Stuckey—including a mandatory minimum sentence of 15 years of imprisonment for Counts 2 and/or 3, *plus* an additional 5-year mandatory minimum consecutive sentence for Count 4. Even apart from applicable mandatory minimums, due to Mr. Stuckey's criminal history and conduct in this case,

Counts 2 and 3 qualify for the highest base offense level available under the applicable federal sentencing guideline, prior to accounting for additional aggravating specific offense characteristics present in this case. U.S.S.G. § 2K1.1(a)(1).

The Government must establish by clear and convincing evidence that a defendant is a danger to the community. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). The Government must establish by preponderance of the evidence that a defendant poses a risk of flight. *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The Government may proceed by way of proffer at a detention hearing. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).

Section 3142(g) provides that the Court should consider and weigh the following four factors in determining whether to detain a defendant pending trial:

(1)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a firearm;

(2)    the weight of the evidence against the defendant;

(3)    the history and characteristics of the defendant, including but not limited to criminal history and whether, at the time of the current offense or arrest, the defendant was on release pending trial for an offense under Federal, State, or local law; and

(4)    the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g).

Importantly, pursuant to both 18 U.S.C. §§ 3142(e)(3)(A) and 3142(e)(3)(B), upon a probable cause finding by the Court that the defendant committed a predicate offense charged in Counts 1 and 4, respectively, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure Mr. Stuckey's appearance as required and the safety of the community.

In consideration of Mr. Stuckey's criminal history, and the facts and circumstances of this case, the Government respectfully submits that there is in fact no condition or combination of conditions that would assure the safety of the community and Mr. Stuckey's appearance at future proceedings. Therefore, Mr. Stuckey should be detained pending trial in this case pursuant to 18 U.S.C. § 3142(e)(1).

### A.    <u>Nature and Circumstances of the Offenses</u>

This case involves Mr. Stuckey's possession of multiple loaded firearms in furtherance of distributing narcotics, the nature of which strongly supports his pretrial detention in this case. On May 15, 2024, law enforcement searched a vehicle used by Mr. Stuckey and located three firearms, additional firearm magazines, controlled substances including cocaine base and marijuana, and distribution supplies. All three firearms were loaded, and one was equipped with a suspected Glock switch machinegun conversion device. Due to multiple prior felony convictions, Mr. Stuckey is prohibited from possessing any firearms and ammunition under federal law.

In addition, following Mr. Stuckey's arrest in this case on July 1, 2024, law enforcement executed a search warrant at his residence. In Mr. Stuckey's bedroom, law enforcement found an additional loaded firearm equipped with a suspected Glock switch machinegun conversion device, two additional Glock switch machinegun conversion devices, assorted firearm ammunition, dozens of zips containing cocaine base for distribution, and distribution supplies.

### 1.    <u>May 15, 2024 Search of Michael Stuckey's Vehicle</u>

On May 15, 2024, MPD officers were on patrol in the 500 block of Parkland Place SE, Washington, D.C. The area was known to officers for violent crime and narcotics trafficking to include sounds of gunshots, illegal drug sales, shootings, and weapon recoveries. Officers observed several persons congregating around a gray Honda Civic with Virginia temporary tag

M10136. One person in the group, later identified as Mr. Stuckey, was observed standing on the curb next to the Honda's driver-side door shaking an empty plastic bag.

Law enforcement has identified Mr. Stuckey as the person on scene by comparing still shots of body worn camera footage to his District of Columbia's driver's license, as depicted below. In addition, multiple identification cards and other items bearing Mr. Stuckey's name were found inside the vehicle.

 

*MPD Body-Worn Camera Footage Depicting Mr. Stuckey on Scene – May 15, 2024*



*Photograph of Mr. Stuckey from District of Columbia Driver's License*

At approximately 11:56 a.m., officers exited their cruiser and began walking toward the Honda. As officers approached, the group dispersed from around the vehicle. Officers observed a

black backpack, U.S. currency, and various narcotics packaging to include large quantity of clear plastic bags, multicolored packaging, and a box of sandwich bags inside of the vehicle. While officers were looking at the vehicle, Mr. Stuckey approached and stated that he wanted to see what the officers saw in the vehicle. Officers asked Mr. Stuckey multiple times if the Honda was his vehicle, but he did not reply. Additionally, officers observed three empty capsules, similar to narcotics packaging, on the curb where Mr. Stuckey had been standing. Officers requested a firearm or narcotics K9 to respond to the scene.

At approximately 12:00 p.m., Mr. Stuckey walked away from the vicinity of the vehicle and did not return. An MPD K9 unit arrived and began a vehicle sweep of the Honda, during which the K9 gave a positive indication for the presence of firearms at the vehicle's rear passenger door. The alert was at approximately the same location where officers observed the black backpack in the vehicle.

After Mr. Stuckey left the scene, while officers were waiting for the MPD K9 unit to respond, approximately five gunshots were heard a couple blocks away from the scene. In addition, approximately 30 minutes after Mr. Stuckey left the scene, a male caller using Mr. Stuckey's telephone number called 911 to report multiple armed gunmen in another neighborhood in Southeast D.C.

Officers searched the vehicle, during which a wallet was found in the front center console that contained Mr. Stuckey's District of Columbia driver's license, as depicted below. A records check confirmed that Mr. Stuckey's District of Columbia driver's license was valid with an expiration date of May 16, 2028. The wallet also contained multiple other identification and bank cards in his name.

 

Inside of the front passenger glove box, officers located a Smith & Wesson, model SD9VE, 9mm pistol, S/N FXS9767. The firearm was loaded with one round of ammunition in the chamber and 13 rounds of ammunition in a 16-round capacity magazine.



*Photograph of the firearm located in the front passenger glove box*

Inside of the black backpack located on the rear passenger floorboard, officers located two firearms: a Glock, model 27, .40 caliber pistol, S/N CAUA172; and a Glock, model 30, .45 caliber pistol, S/N BYSS387. The Glock 27 was equipped with a suspected Glock switch machinegun

7

conversion device and was loaded with one round of ammunition in the chamber and 20 rounds of

ammunition in a 22-round capacity magazine.[1] The Glock 30 was loaded with one round of

ammunition in the chamber and 18 rounds of ammunition in a 24-round capacity magazine.

 

*Photographs of the black backpack containing the two firearms*



*Photograph of the firearms and magazines recovered from the vehicle*

In addition, officers also located Mr. Stuckey's work photo identification card, an animal

hospital invoice bearing Mr. Stuckey's name, and a white Apple iPhone inside of the black

---

[1]    A Glock switch machinegun conversion device is a device that can be installed on a Glock or Glock-type firearm that may be used to convert a semi-automatic firearm into a machinegun.

backpack. The animal hospital invoice was dated April 15, 2024, and also listed Mr. Stuckey's address.

 

Inside of the same black backpack, officers also found approximately 10.9 grams (with packaging) of a white rock-like substance that field tested positive for the presence of cocaine base. The cocaine base was packaged in two purple zips concealed inside of a mylar marijuana bag. In addition, officers found other drug packing in the vehicle, including numerous empty purple zips, empty clear zips, and sandwich bags.

  

9



Officers also found approximately 64.2 grams (with packaging) of marijuana in two mylar bags and a digital scale with marijuana residue.

 

At approximately 12:14 p.m., after Mr. Stuckey left the scene, a person identified as Tachelle Watts arrived on scene, identified herself as the owner of the vehicle, and provided a District of Columbia driver's license. At approximately 12:40 p.m., Ms. Watts left the scene before the MPD K9 unit arrived. The investigation revealed that the vehicle's Virginia temporary tags expired in May 2023. The vehicle was unregistered in May 2024 and was formerly registered to Ms. Watts. Further investigation revealed that a relationship exists between Mr. Stuckey and Ms. Watts and that they live together at Mr. Stuckey's residence. A records check revealed that Ms. Watts does not have any registered firearms in the District of Columbia.

**2.**    **July 1, 2024 Search of Michael Stuckey's Residence**

The investigation revealed that Mr. Stuckey resides at 3261 Fort Lincoln Drive NE, Washington, D.C., which is his address of record on his District of Columbia Driver's License and with the Pretrial Services Agency of the District of Columbia. On July 1, 2024, the Honorable Moxila A. Upadhyaya issued a search warrant for the location (Case No. 24-SW-214).

During the morning of July 1, 2024, prior to the search, law enforcement observed Mr. Stuckey and Ms. Watts entering and exiting the residence. During the search, Ms. Watts informed law enforcement that Mr. Stuckey has lived with her at the residence for approximately four years and that Mr. Stuckey and Ms. Watts share the master bedroom.

During the search of the residence, law enforcement found items inside the master bedroom including, but not limited to, the following:

- Inside of a black backpack on the floor of the master bedroom closet:

    - a Glock 23, .40 caliber firearm, S/N BPCE594, located with one round of ammunition in the chamber and 22 rounds of ammunition in the magazine, equipped with a suspected Glock switch machinegun conversion device;

    - a clear plastic bag that contained approximately 85 small green zips that contained a white rock-luck substance, as well as a larger white rock-like substance in a plastic wrapper that field tested positive for the presence of cocaine base;

    - numerous empty small clear zips inside of a mylar marijuana bag;

    - two batches of empty mylar marijuana edibles bags;

    - a Virginia Driver's License for a woman who, to date, has not been identified as related to this investigation;

    - a cell phone with a white case and label that appear to match a cell phone observed in Mr. Stuckey's hand during the encounter with MPD officers at his vehicle on May 15, 2024; and

    - two keys, one of which opened the front door to the residence.

- Inside of a dresser in the master bedroom containing men's underwear:

    - a black Glock firearm magazine containing multiple rounds of .40 caliber ammunition, an additional empty magazine, and a firearm accessory;

    - additional assorted rounds of ammunition;

    - three digital scales; and

    - a bag of powder that field tested positive for the presence of mannitol, which is a known cutting agent for cocaine.

- A plate with white power residue, a razor blade, a numerous empty multicolor zips located in a corner of the master bedroom.

- A plastic bag containing two suspected Glock switch machinegun conversion devices, found inside of a male shoe in the master bedroom.

- A plastic container containing a digital scale and additional firearm accessories.

### B.    <u>Weight of the Evidence</u>

The weight of the evidence against Mr. Stuckey in this case also strongly supports pretrial detention. As clarified by former-Chief Judge Howell, this factor is a "common-sense" consideration that, "if the evidence against a defendant is overwhelming, credible, helpful, and important to the government's case in chief, that may increase the risk that defendant will flee to avoid future court proceedings and may indicate that the defendant is a present danger to himself or the community if the government's allegations later prove to be true." *United States v. Blackson*, No. 23-cr-25 (BAH), 2023 WL 1778194, at *10 (D.D.C. Feb. 6, 2023) (Howell, C.J.), *aff'd*, No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023).

Altogether, the Government has strong evidence that Mr. Stuckey constructively possessed three loaded firearms, narcotics, and distribution supplies in his vehicle on May 15, 2024. Mr. Stuckey's wallet was found in front center console of the vehicle. Additionally, Mr. Stuckey's work photo identification card and an invoice in his name were also found in the same backpack

in the vehicle that contained two loaded firearms and cocaine base. Indeed, Mr. Stuckey himself was also standing next to the vehicle when officers first arrived at the scene.

In addition, another loaded firearm, as well as additional Glock switch machinegun conversion devices, magazines, ammunition, numerous zips of cocaine base packaged for sale, and distribution supplies—were all found inside Mr. Stuckey's bedroom during the search warrant execution on July 1, 2024. This further supports the fact that Mr. Stuckey was illegally in possession of multiple loaded firearms and narcotics with the intent to distribute on May 15, 2024, as charged.

**C.    The Defendant's History and Characteristics**

Mr. Stuckey's serious and repeated criminal history strongly favors pretrial detention in this case. In addition, Mr. Stuckey is currently charged and on pretrial release for threatening and assaulting a former intimate partner, including threats specifically related to shooting the complainant. Altogether, Mr. Stuckey's past and recent criminal conduct all strongly demonstrate the danger that his release poses to those to known to him and to the community at large, as well as his repeated disregard for the rule of law and court orders.

Mr. Stuckey was first convicted of four counts related to two incidents in D.C. Superior Court Case No. 2005 FEL 004131,s: first, a Carjacking and Armed Robbery on June 22, 2005; and second, an Armed Robbery and Robbery on July 22, 2005. Mr. Stuckey was sentenced to seven years of imprisonment and three years of supervised release for those offenses.

Following that sentence, Mr. Stuckey proceeded to commit multiple felony drug offenses from 2013 to 2016. Most recently in Case No. 16-CR-083 (RBW) (D.D.C.), he was convicted of Possession with Intent to Distribute Marijuana and Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding

One Year. [2] In January 2017, Mr. Stuckey was sentenced to 46 months of imprisonment and 48 months of supervised release in that case. Those convictions mirror Mr. Stuckey's conduct and charges in this case, which reveal his dangerous pattern of possessing illegal firearms and armed drug dealing, from which he apparently cannot be deterred.

Additionally, the Pretrial Services Agency has confirmed that Mr. Stuckey resides as the same residence that was the subject of the July 1, 2024, search warrant, where law enforcement found an additional loaded firearm equipped with a suspected Glock switch machinegun conversion devise, two additional Glock switch machinegun conversion devices, assorted firearm ammunition, dozens of zips containing cocaine base for distribution, and distribution supplies in his bedroom.

Furthermore, Mr. Stuckey committed the charged offenses and additional conduct all while under pretrial supervision by the Pretrial Services Agency of the District of Columbia in D.C. Superior Court Case No. 2024 DVM 000335. Mr. Stuckey is currently charged with two offenses in that case: Attempted Threats, in violation of 22 D.C. Code §§ 407, 1803; and Assault, in violation of 22 D.C. Code § 404. According to the Gerstein affidavit, the complainant, who is a former intimate partner of Mr. Stuckey's, reported that during approximately August 2023 to January 2024, Mr. Stuckey made multiple threats against the complainant, burglarized the complainant's home, and assaulted the complainant. Notably, the complainant reported in part that Mr. Stuckey threatened, in sum and substance, "I'm going to shoot you in the head on my grandmother," and further that the complainant believes that Mr. Stuckey would follow through

---

[2]    Notably, Mr. Stuckey was also indicted for a violation of 18 U.S.C. § 924(c)(1) in that case. *See* Indictment, Count 3, Case No. 16-CR-083 (D.D.C.) (ECF No. 1). Mr. Stuckey pleaded guilty pursuant to a plea agreement, pursuant to which the additional charge was dismissed at sentencing. *See id.* ECF Nos. 13-14; Minute Entry, January 17, 2017.

with these threats because he is known to carry a firearm. In addition, a witness played a recording of a call between the complainant and Mr. Stuckey, during which Mr. Stuckey stated, in sum and substance, "I'mma come shoot your windows up if you call the police."

### D.    Danger to the Community

The nature and seriousness of the danger to any person or the community posed by Mr. Stuckey's release also strongly supports pretrial detention in this case. Based on indicted Counts 1 and 4, there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of [Mr. Stuckey] as required and the safety of the community" where a judicial officer determines that there is probable cause to believe that the person committed the charged offense. 18 U.S.C. §§ 3142(e)(3)(A), 3142(e)(3)(B).

Mr. Stuckey's pattern of armed drug dealing demonstrates that his conditional release would pose a clear danger to the community and risk of noncompliance. On May 15, 2024, Mr. Stuckey possessed not only his narcotics distribution kit, but also three loaded firearms, all with extended magazines and a round of ammunition chambered and ready to fire. Even more, one of the firearms was equipped with a suspected Glock switch machinegun conversion device. In addition, a National Integrated Ballistic Information Network (NIBIN) lead associated to one of the firearms provides that it has been fired at three separate incidents in the District of Columbia since June 2023.

And on July 1, 2024, the same day as his arrest, Mr. Stuckey was *still* in possession of another illegal firearm (*also* loaded, ready to fire, with an extended magazine and a Glock switch machinegun conversion device), as well as more cocaine base ready for sale; additional Glock switches, ammunition, and accessories; and distribution supplies.

Mr. Stuckey's own conduct reveals that he has not been deterred from armed drug dealing, with particularly dangerous firearms. Additionally, the fact that Mr. Stuckey did so while on pretrial release for threat and assault case, including specifically involving the threatened use of firearms, demonstrates his disregard for any court-ordered release conditions and that the danger he poses in the community is real.

## CONCLUSION

In consideration of Mr. Stuckey's conduct, history, and violation of his release conditions in another pending criminal case in the District of Columbia, there is no condition or combination of conditions that the Court could fashion to reasonably assure the safety of the community and his appearance at future proceedings. As a result, the Government respectfully requests that the Court grant its motion to detain defendant Michael Stuckey without bond pending trial.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By:     */s/ Thomas G. Strong*
THOMAS G. STRONG
Assistant United States Attorney
United States Attorney's Office
601 D Street NW
Washington, DC 20530
Telephone:  202-252-7063
Email:  thomas.strong@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a copy of the foregoing to be served upon counsel of record via the Electronic Case Filing (ECF) system on July 3, 2024.

By:    <u>*/s/ Thomas G. Strong*</u>
         Thomas G. Strong
         Assistant United States Attorney